**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Elizabeth Back, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:16-cv-00323-TMR- |
| | : | MJN |
| v. | : | |
| | : | Judge Thomas M. Rose |
| Teknol, Inc., | : | Magistrate Judge Michael J. |
| | : | Newman |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Elizabeth Back ("Plaintiff") and Defendant Teknol, Inc. ("Defendant") hereby stipulate and agree as follows:

WHEREAS, Plaintiff and Defendant recognize that certain documents will be produced in this action that may contain confidential personal or business information; and

WHEREAS, Plaintiff and Defendant desire to minimize the necessity for objections, and motions and to avoid interruption or delay in the flow of information relevant to this action by piecemeal motions for protective orders or other unnecessary discovery motions.

THEREFORE, IT IS HEREBY ORDERED that:

**A.** **Definition of Confidential Information**

1.     Any party to this action (individually, a "Party," and collectively "the Parties") may designate any items or information produced by her or it, or produced by a non-party agent in possession of her or its information, regardless of the medium or manner in which they are generated, stored or maintained, including without limitation, documents, answers to interrogatories, deposition testimony, exhibits, electronically-stored information ("ESI"), as "Confidential Information," if such designating Party has a good faith belief that:   (i) the

designated information constitutes, contains, and/or relates to a trade secret, as defined under Ohio law, or other confidential research, development or commercial information as described in Federal Rule of Civil Procedure 26(c)(1)(G); (ii) the designated information is protected by law and/or contract; or (iii) information that a Party believes not to be in the public domain and reasonably believes contains personal information or confidential business information, such as Social Security numbers, personal medical information, trade secrets, financial institution account numbers, or other similar information that a reasonable person or business would regard as personal and/or confidential. For purposes of this Protective Order, the term "document" shall have the meaning as defined in Federal Rule of Civil Procedure 34(a).

**B.    Procedure for Designating Material as Confidential Information**

1.     A Party producing "Confidential Information" shall designate the material as confidential by stamping or otherwise marking the notation "Confidential" on the first page of such designated document or by other means that notifies the Parties that the information is subject to this Protective Order. In lieu of marking originals, the producing Party may mark copies of the documents that are produced or exchanged. With respect to electronic data or information, the designating Party may designate such material as confidential by marking the notation "Confidential" on a label affixed to the disk, tape, or other medium on which the information is stored or by other means that notifies the Parties that the information is subject to this Protective Order.

2.     All depositions, including any document marked as an exhibit or otherwise appended to the deposition, shall be treated as confidential under the terms of this Protective Order if designated at any time during a deposition or within ten (10) business days after receipt of a deposition transcript. During that ten (10) day period, all transcripts and the information

contained in them will be deemed to be confidential in their entirety under the terms of this Protective Order. Where practical, the Party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential. All copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential" on the cover and, if filed with any court, be filed under seal.

3. All Confidential Information in any affidavits, briefs, memoranda, or other papers filed with any court shall be filed in accordance with paragraph D(3) of this Protective Order.

4. A Party may designate as Confidential Information any documents, information or testimony produced or furnished in this matter by it or a non-party who came into possession of such information under circumstances in which the confidentiality was not waived as a matter of law, including, but not limited to, attorneys, experts, accountants, consultants, health care providers, appraisers, agents and employees, by informing opposing counsel in writing of such designation within twenty (20) business days of receipt of the document, information or testimony.

5. Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a Party's claim to its confidential nature or estop that Party from designating the document or information as "Confidential" at a later date through a supplemental written notification. Upon receipt of such a supplemental written notice, counsel for the receiving Party shall undertake to recover from any person to whom such Confidential Information was disclosed all copies and abstracts of the Confidential Information that is the subject of the supplemental written notice and shall instruct all persons who viewed the material as to the appropriate treatment thereof. Disclosure of the document or information by the other

Party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

**C.**     <u>**Qualified Persons with Access to Confidential Information**</u>

The designation of documents, information or testimony as Confidential Information shall mean that such shall be used only for the litigation, trial and/or settlement of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

1.     The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

2.     The named Parties to this action, their agents, and witnesses provided that they first agree to be bound by this Order;

3.     Independent consultants and/or experts retained by the Parties or counsel to work on the action who agree to abide by this Order, provided that before making disclosure of Confidential Information to outside experts or consultants, the party must obtain an agreement in writing from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions including, without limitation, that he or she will not use the Confidential Information for any purpose other than this litigation and will return all Confidential Information that has been provided to him or her at the conclusion of this action (including any appeals);

4.     Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure;

5.     Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

6. The Court and Court personnel.

Each individual listed in paragraph C(1)-(6) above shall be deemed to be an agent of Plaintiff and/or Defendant, whichever Party discloses the information to them, and that Party shall be responsible for any disclosure of Confidential Information beyond that authorized in this Protective Order.

**D.      Restrictions on the Use and Disclosure of Confidential Information**

1. Persons obtaining access to materials designated as "Confidential" shall use the information solely for the litigation, trial and/or settlement of this action.

2. Except as otherwise provided herein, or in connection with an interview conducted by or under the supervision of counsel, a deposition conducted in this action, or a court proceeding related to this litigation, Confidential Information shall not be shown to, and copies shall not be provided to, witnesses.

3. All electronic filings that contain Confidential material shall be filed in compliance with the Electronic Case Filing Procedures for the U.S. District Court for the Southern District of Ohio. A Party may file Confidential material under seal only with leave of the Court. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

4. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a Party intends to introduce any material made subject to this Protective Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Protective Order.

5. Neither the Parties nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted in this Protective Order.

**E.**     **No Admission or Waiver**

The inadvertent or unintentional disclosure of any Confidential Information by the designating party shall not be construed to be a waiver, in whole or in part, of that Party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If a Party produces multiple identical copies of a document (but with different Bates numbers) and one has not been designated as Confidential, all identical copies shall be treated according to the most restrictive designation. Similarly, the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that Party's claim to privilege; nor shall any discrete waiver of privilege constitute a general waiver of privilege or protection. Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing party.

**F.**     **Jurisdiction and Return of Documents**

1. This Protective Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

2. Within thirty (30) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the

Parties shall be returned to their respective counsel; provided that either Party may elect to destroy the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) in lieu of return so long as such party certifies to the producing party in writing that it has done so. Nothing in this paragraph shall preclude counsel for either Party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims. If counsel for either Party has a good faith belief that work product abstracts or summaries of Confidential Information must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitation periods for professional malpractice claims.

G.      **Dispute as to Confidential Information Designation**

1.      If any Party believes that a document, testimony or other information that has been designated as Confidential is not entitled to be treated as such, the Party will notify the designating Party of its disagreement with the confidential designation. Counsel for the Parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, testimony or information within ten (10) business days after the opposing party has advised the producing party of its disagreement with the confidential designation. If the matter is not resolved by the parties themselves, the Party claiming the confidential status of documents, information or testimony shall, within ten (10) business days after meeting and conferring as required by this paragraph, bring the dispute before the Court for a determination and have the burden of proof.

2.      Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting either Party's right to make use of or object to the

use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this action or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be provided by this Protective Order or directed by this Court. Nothing in this Order shall prevent either Party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Protective Order; and this Protective Order may be amended by the Court on its own initiative or upon motion of the parties.

3.  The provisions of this Protective Order shall apply from the date it is signed to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Protective Order.

4.  The provisions of this Protective Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

IT IS SO ORDERED.

Dated:   April 21, 2017

   s/ Michael J. Newman
   United States Magistrate Judge

AGREED:

   */s/ Jacklyn J. Ford*
Jacklyn J. Ford, Trial Attorney (0055771)
Elizabeth A. Cramer (0092409)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio  43216-1008
Telephone:  (614) 464-8230
Facsimile:  (614) 719-4719
Email:  jjford@vorys.com
      eacramer@vorys.com

*Attorneys for Defendant Teknol, Inc.*


   */s/ Robert A. Klingler*
Robert A. Klingler (007286)
Michael P. Richardson (0089496)
ROBERT A. KLINGLER CO., L.P.A.
525 Vine Street, Suite 2320
Cincinnati, Ohio  45202-3133
Telephone:  (513) 665-9500
Facsimile:  (513) 621-3240
Email:  rak@klinglerlaw.com
      mpr@klinglerlaw.com

*Attorneys for Plaintiff Elizabeth Back*